[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 28, 1994 at Beacon Falls, Connecticut. The plaintiff has resided continuously in this state for one year next prior to April 1996. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in §§ 46b-81 and 46b-82 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties married in May 1994 and separated sometime in April 1996. The defendant is gainfully employed, earning approximately $60,000 per year. He is 29 years of age and in good health. CT Page 1983
The plaintiff is 25 years of age and in good health. She is working part-time and attends school days. She hopes to complete her medical assistant course in six months to a year at which time she will be able to work full-time. She is presently living with her parents.
The defendant continues to reside in the marital home purchased in the spring of 1994 and which the parties valued at approximately $121,000 subject to a mortgage of approximately $101,000. The plaintiff claims she contributed $12,000 as a down payment to purchase the marital home. The defendant claims he has also contributed to this home and in fact he has maintained the home since the parties separated a year ago.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The court has carefully considered the statutory criteria in reaching the decisions reflected in the orders that follow.
The following order shall enter:
REAL ESTATE
1. The plaintiff shall transfer her interest in the marital home located at 114 Highland Avenue, Beacon Falls, Connecticut to the defendant.
2. The plaintiff is awarded a lump sum settlement in the amount of $8500, payable by the defendant to the plaintiff at the rate of $100 per week. The plaintiff's interest shall be secured by a mortgage deed and non-interest bearing note on the marital property.
3. The defendant shall indemnify and hold the plaintiff harmless from any and all liability with respect to the mortgage, taxes and interest on said mortgage.
4. The defendant shall make reasonable efforts to refinance the mortgage within three years and annually thereafter, so as to remove the plaintiff's name from the mortgage.
OTHER PROPERTY
CT Page 1984
1. The defendant shall transfer to the plaintiff his interest in the 1995 Chevrolet Baretta motor vehicle and said motor vehicle shall be the plaintiff's sole property. The plaintiff shall be responsible for the car loan and shall hold the defendant harmless thereon and indemnify the defendant.
2. The parties have already divided any remaining personal property.
3. The defendant shall be responsible for the Discover card debt in the amount of $500 which represents the costs of the TV dish for the marital home which is being retained by the defendant.
4. The defendant shall be entitled to his pension plan at his place of employment.
MISCELLANEOUS
1. No alimony is awarded to either party.
2. The plaintiff is granted a change of name to Stacey Ann Tiano.
3. No attorney's fees are awarded to either party.
Coppeto, J.